Boris S. Nadiak v. Commissioner.
Nadiak v. Commissioner
Docket No. 2477-62.
United States Tax Court
T.C. Memo 1964-291; 1964 Tax Ct. Memo LEXIS 50; 23 T.C.M. (CCH) 1784; T.C.M. (RIA) 64291; November 5, 1964
Boris S. Nadiak, pro se, 343 N.E. 99th St., Miami, Fla. W. T. Holloran, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined *51 a deficiency in the income tax of petitioner for the taxable year 1959 in the amount of $3,700.23 and an addition to tax under section 6651(a) of the Internal Revenue Code of 1954 in the amount of $197.71. All issues raised by the pleadings with the exception of that below stated have been conceded, leaving remaining to be decided the sole issue whether respondent has erred in disallowing as business expense deductions the aggregate amount of $1,035.26 representing attorneys' fees paid by petitioner in the taxable year 1959 in the successful defense of two criminal actions instituted against him. Findings of Fact Facts which have been stipulated are so found. Petitioner, Boris S. Nadiak, was a resident of Miami, Florida, during the year 1959 and was employed during said year as an airline captain by National Airlines. He received wages from National Airlines in the year 1959 in the amount of $18,649.19. He also received, in said year, dividend income in the amount of $81.25 and interest income in the amount of $621.59. Petitioner paid the sum of $515 in 1959 to an attorney for legal services in connection with his defense against a charge of assault *52 and battery initiated by an associate of petitioner's former wife. This matter was heard in the Municipal Court in Miami, Florida, on October 8, 1958, and dismissed on October 10, 1958. Petitioner claims the amount of $515 as a deduction for income tax purposes for the year 1959. Petitioner paid the sum of $520.26 in 1959 to an attorney for legal services in connection with his defense against a charge of grand larceny. He was arraigned in the Criminal Court, Dade County, Florida, on April 27, 1959, and a nolle prosequi was entered in this matter by the State Attorney on May 6, 1959. Petitioner claims the amount of $520.26 as a deduction for income tax purposes for the year 1959. This charge involved the taking of property allegedly belonging to petitioner's former wife. Ultimate Finding The legal expenses claimed as deductions by the petitioner were personal expenses and are therefore not deductible under any provision of the 1954 Code. Opinion Petitioner contends that because there was imminent danger of the loss of his certificate of authority to carry on his business of commercial airline pilot resulting from a possible conviction upon either of the criminal charges *53 against him, referred to in our findings, he is entitled to deduct the attorneys' fees incurred and paid in connection with his defense thereof as business expenses under section 212 of the 1954 Code. Respondent has disallowed such expenses as personal, living, or family expenses under section 262 thereof. We need go no further in determining this issue than to quote the language of the Supreme Court in United States v. Gilmore, 372 U.S. 39 (1963), which establishes without room for argument the nondeductibility of petitioner's legal expenses - For these reasons, we resolve the conflict among the lower courts on the question before us * * * in favor of the view that the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" and hence whether it is deductible or not under § 23(a)(2). * * * It is clear from a reading of that case that even though the consequences of petitioner's possible conviction on either or both of the crimes with which he was charged might or would certainly have *54 been the loss of his airline pilot certificate, nevertheless, the controlling factor giving rise to the attorney fee expenditures was not with respect to his right to hold such certificate but was rather with respect to his actions or innocence of actions which led to the crimes with which he was charged. By the very nature of things occurrences given rise to by a personal action or nonaction may have direct consequential effect over an unlimited area of possibility. As demonstrated clearly in United States v. Gilmore, supra, Congress had no intent to extend its authority to deduct business expenses to the consequential area. Clearly these expenses were given rise to and grew out of the personal and family experiences of petitioner rather than any action or nonaction of his in connection with his conduct of his business affairs. The respondent is sustained on this issue. Decision will be entered under Rule 50.